UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-00197-JMS-MJD-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DJAMIL R. ROBERTS | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cr-00197-JMS-MJD |
| | ) | |
| DJAMIL R. ROBERTS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Djamil Roberts seeks a sentence reduction under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkts. 53, 70. He contends that he faces increased risk of developing severe symptoms if he contracts COVID-19. Dkt. 70. He asks the Court to reduce his sentence to time served and to place him on supervised release with home confinement as a condition. Dkt. 70 at 1. For the reasons explained below, his motions are **DENIED**.

## I.    Background

In July 2018, Mr. Roberts pled guilty to one count of possession with intent to distribute 500 grams or more of cocaine and a detectable amount of marijuana. Dkts. 44, 45. The conviction was based on large-scale drug dealing by Mr. Roberts. When law enforcement searched Mr. Roberts's addresses and storage units, they found more than 40 pounds of marijuana, more than a kilogram of cocaine, more than $300,000 in cash, and 10 firearms (many of which were loaded). Dkt. 39 at 4–5; *see also* dkt. 35 at 7–9 (stipulated factual basis). The Court sentenced Mr. Roberts to 120 months of imprisonment and 5 years of supervised release. Dkt. 45. Because the United States had filed an Information pursuant to 21 U.S.C. § 851, dkt. 43, the 120-month sentence

2

represented the minimum mandatory sentence under the law as it existed at the time. 21 U.S.C.§ 841(b)(1)(B) (eff. Aug. 3, 2010 to Dec. 20, 2018).

Mr. Roberts is 40 years old. Mr. Roberts has been in custody for a little more than three years. *See* dkt. 7 (showing that the Court ordered Mr. Roberts detained on September 22, 2017).

While this motion was being briefed, Mr. Roberts was incarcerated at FCI Terre Haute. As of December 16, 2020, the Bureau of Prisons ("BOP") reports that 143 inmates and 20 staff members at FCI Terre Haute have active cases of COVID-19; it also reports that 289 inmates and 49 staff members at FCI Terre Haute have recovered from the virus and that two inmates have died from the virus. *See* https://www.bop.gov/coronavirus/ (last visited Dec. 16, 2020). The BOP website currently reports that Mr. Roberts is not in BOP custody, but it lists his anticipated release date as April 18, 2026. Mr. Roberts's counsel has not updated the Court as to Mr. Roberts's whereabouts and whether he is still unable to protect himself from COVID-19. Regardless, for purposes of this Order, the Court will assume that Mr. Roberts is still incarcerated at a place like FCI Terre Haute, where COVID-19 cases are numerous and inmates' ability to protect themselves from the virus is limited.

On May 21, 2020, Mr. Roberts filed a pro se motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 53. The Court appointed counsel to represent Mr. Roberts, dkt. 54, and counsel appeared on his behalf, dkt. 56. After counsel appeared, the Court ordered the parties to file notices addressing whether Mr. Roberts had exhausted his administrative remedies as required by § 3582(c)(1)(A). Dkt. 57.[1] On October 30, 2020, Mr. Roberts's appointed counsel

---

[1] After counsel appeared, Mr. Roberts also submitted several additional pro se filings. Dkts. 58, 67, 68. The Court has considered those submissions. On more than one occasion, Mr. Roberts has expressed concern that the pendency of his motion for compassionate release will jeopardize his pending motion under 28 U.S.C. § 2255. *See, e.g.*, dkt. 58. The Court notes that its decision on Mr. Roberts's motion for compassionate release has no bearing on Mr. Roberts's § 2255 motion.  That motion remains pending and will be decided by separate order.

filed an amended motion for compassionate release on his behalf. Dkts. 70, 71. In the motion, counsel represents that the parties agree that Mr. Roberts has exhausted his administrative remedies as required by § 3582(c)(1)(A). Dkt. 70 at 4. The United States responded on November 9, 2020. Dkt. 73. Mr. Roberts has not filed a reply, and the time for doing so has passed. Thus, Mr. Roberts's motion for compassionate release is ripe for review.

## II.    Discussion

Mr. Roberts seeks a sentence reduction based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 70. In his initial motion, he stated that he feared contracting COVID-19 and noted that FCI Terre Haute had reported inmates who had tested positive for the virus. Dkt. 53. In his amended motion (filed by counsel on his behalf), he stated that he believes he is at high risk of experiencing severe symptoms if he contracts COVID-19 because he suffers from "paracarditis," dkt. 70 at 2, which the Court takes to be a reference to pericarditis, a condition that causes swelling and irritation of the thin, sacklike tissue surrounding the heart and sharp chest pain. *See* https://www.mayoclinic.org/diseases-conditions/pericarditis/symptoms-causes/syc-20352510 (last visited Dec. 14, 2020). Mr. Roberts did not cite any evidence supporting this claim, although he did file 70 pages of medical records. Dkt. 71-1. Mr. Roberts also noted that inmates at FCI Terre Haute cannot follow the CDC's published guidance for avoiding infection from COVID-19, which includes practicing social distancing and frequent hand washing. Dkt. 70 at 2–3.

In response, the United States argues that Mr. Roberts has not shown an extraordinary and compelling reason warranting a sentence reduction because there is no record evidence that he suffers from pericarditis. Dkt. 73 at 4, 13–14. It also argues that the sentencing factors in 18 U.S.C.

§ 3553(a) do not favor release, noting that Mr. Roberts was disciplined in February 2020 after he tested positive for THC. *Id.* at 17; *see also* dkt. 73-1.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

5

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G.  § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the

reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, __ F. 3d __, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Roberts does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Thus, the question is whether the Court should exercise its broad discretion to find

an extraordinary and compelling reason warranting release in this case. The Court declines to do so.

The risk that Mr. Roberts faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him. While the Court sympathizes with Mr. Roberts's fear of contracting the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

The Court recognizes that the CDC (Centers for Disease Control and Prevention) has concluded that having certain heart conditions (heart failure, coronary artery disease, cardiomyopathies, or pulmonary hypertension) increases a person's risk of experiencing severe COVID-19 symptoms and that having other cardiovascular or cerebrovascular disease (such as hypertension or stroke) might increase such risk.[2] But there is no record evidence that Mr. Roberts currently suffers from such a heart condition. Mr. Roberts's BOP medical records show that, in 2018, he told medical providers that he was hospitalized with pericarditis in 2009, *see* dkt. 71-1 at 26, and that, in May 2020, he told medical providers that he had "disease of pericardium" but that he had no records available at this time, *id.* at 40. But Mr. Roberts does not appear to have

---

[2] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#heart-conditions (last visited Dec. 15, 2020).

complained of symptoms of pericarditis during his incarceration, and there is no evidence that Mr. Roberts is currently suffering from pericarditis. *See generally* dkt. 71-1; see also https://www.mayoclinic.org/diseases-conditions/pericarditis/symptoms-causes/syc-20352510 (last visited Dec. 15, 2020) ("Pericarditis is usually mild and goes away without treatment."). As a result, the Court concludes that Mr. Roberts has not shown that he suffers from the type of heart disease that increases his risk for severe COVID-19 symptoms. This Court has consistently denied motions for compassionate release from defendants who are not at an increased risk of developing severe symptoms if they contract COVID-19, even when they are incarcerated in a "hotspot" for COVID-19 infections. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases). Accordingly, Mr. Roberts has not shown an extraordinary and compelling reason warranting a sentence reduction.

Because the Court has determined that Mr. Roberts has not shown extraordinary and compelling reasons to justify his release, whether Mr. Roberts is a danger to the community and whether the § 3553(a) factors weigh in favor of his release need not be discussed at length. Nonetheless, the Court concludes that the § 3553(a) factors do not favor release, even if the Court assumes that Mr. Roberts faces some increased risk of experiencing severe symptoms if he contracts COVID-19.[3] As explained, Mr. Roberts was dealing drugs on a large scale. The multiple

---

[3] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

loaded firearms found when law enforcement searched his addresses and storage units underscore the danger of that operation.  His crimes warranted a serious sentence. It is possible that, if he were sentenced under the law as it exists today, he would have been subject to a lower minimum mandatory sentence of 5 years. *See* 21 U.S.C. § 841(b)(1)(B) (eff. Dec. 21, 2018) (imposing mandatory minimum sentence of 5 years and applying enhanced mandatory minimum sentence of 10 years only if defendant has been convicted of a prior "serious drug felony"), but Mr. Roberts has not yet even served 5 years. And, even if he had served more than the currently applicable mandatory minimum sentence, the Court concludes that releasing Mr. Roberts after only 3 years would not adequately reflect the seriousness of his crimes or provide adequate deterrence. Mr. Roberts also has three previous felonies, *see* dkt. 39 at 7–10 and recently tested positive for THC while incarcerated, *see* dkt. 73-1. As a result, the Court also concludes that releasing Mr. Roberts now would not adequately protect the public against future crimes that Mr. Roberts might commit.

### III.    Conclusion

For the reasons stated above, Mr. Roberts's motions for compassionate release, dkts. [53] and [70], are **denied**.

**IT IS SO ORDERED.**

Date: 12/17/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel