UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DJAMIL R. ROBERTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-03107-JMS-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons discussed in this Order, the motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I.   The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th

Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II.     Factual Background

The facts of Roberts' crime as stipulated in his plea agreement are as follows.

On August 30, 2017, detectives with the Metro Drug Task Force (MDTF) in Indianapolis, Indiana obtained search warrants for 4355 Dunsany Circle (Indianapolis, Indiana) and [Robert]'s address in Avon, Indiana (the "Morning Sun Court residence"). These warrants were then executed on August 30, 2017, by officers from MDTF, Indiana State Police, and Plainfield Police Department. 4355 Dunsanny Circle was a residence utilized by [Roberts] as a location from where to store his marijuana.

During the search of 4355 Dunsany Circle Indianapolis, IN, investigators recovered the following: an active marijuana grow, consisting of 46 mature marijuana plants, in the living room, master bedroom, and bedroom; approximately 40 pounds of marijuana packaged in food saver sealed bags were located in a Field and Stream gun safe in the 2 car attached garage; and approximately two pounds of marijuana in vacuum sealed bags were located in the living room and the master bedroom.

During the search of the Morning Sun Court residence, investigators recovered the following: a loaded Smith & Wesson .380 handgun bearing serial number CCV9138 was located in the Kitchen on top of the refrigerator; a loaded FNH 5.7 x 28 handgun bearing serial number 386303576 was located on top of the refrigerator; a loaded Bryco Arms .380 handgun bearing serial number 1260487 was located in the living room on a shelf behind a box; a loaded Glock 19, 9mm handgun bearing serial number AXE506 was located in bedroom #1 in between the mattress and box spring; a loaded Taurus Magnum .38 Special bearing serial number T649192 was located in bedroom #1, in between the mattress and box spring; a loaded Smith & Wesson 40 shield, 40 caliber bearing serial number HUA8161 was located in bedroom #1 in the top drawer of a dresser; a loaded Glock 30, .45 caliber bearing serial number TVY493 was located in master bathroom on top of the linen shelf; a loaded Taurus .45 caliber, model PT945 bearing serial number NRG33069 was located in the master bathroom on top of the linen shelf; two digital scales with cocaine residue were located in a kitchen cabinet next to the pantry; $310,700.50 of U.S. currency was located in a Field and Stream gun safe, which was in the living room of the residence.

On August 30, 2017, detectives also obtained search warrants for the following storage units: #3, #176, and #422, all located at A Westside Storage, 2255 South Raceway Road, Indianapolis, Indiana. The rental contract for these three units reflects that [Roberts] has been sole renter of unit 3 since 2014, and units 176 and 422 since 2016. During the execution of the search warrants at these storage units

>controlled by [Roberts], investigators recovered the following: a loaded Omni American tactical 5.56 rifle, bearing serial number NS028786 located in a box next to the Field and Stream safe; an unloaded Masterpiece Arms 9mm with a high capacity magazine, and noise suppressor was in a black case on top of the Field and Stream safe; twenty- four vacuum sealed bags of marijuana, weighing 1,767.1 grams, was located inside the Field and Stream safe; a brick of cocaine, weighing 1,015.92 grams was located inside the Field and Stream safe; two large zip-lock bags of cocaine, weighing an aggregate weight of 1,399.74 grams was located inside the Field and Stream safe; $72,666 of U.S. currency; a large white digital scale was located in a dresser drawer; 1,049.92 grams of marijuana and 279.08 grams of cocaine, both found in a vehicle within one of the storage units.
>
>A criminal records check reveal that [Roberts] is a previously convicted felon. Moreover, [Roberts] possessed, jointly or solely, each of the firearms listed above, and each of these firearms were manufactured outside the State of Indiana.

*USA v. Roberts*, 1:17-cr-00197-JMS-MJD-1 (S.D. Ind.) (hereinafter "Crim. Dkt."), dkt. 35 at 7-9.

On April 19, 2018, the parties entered a plea of guilty and plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). *Id*. Roberts agreed to plead guilty to Count 1 and waive his right to appeal the conviction and sentence as long as he received the agreed-upon sentence. *Id*. On July 24, 2018, the Court held a change of plea and sentencing hearing. Crim. Dkt. 44. At the hearing, the Court found that Roberts was fully competent and capable of entering an informed plea, was aware of the nature of the charge and the consequences of the plea, and that his plea of guilty was knowing and voluntary and supported by an independent basis of fact. Crim. Dkt. 48 at 21-22. The Court adjudged Roberts guilty as charged in Count 1 of the Indictment and sentenced him to 120 months' imprisonment, to be followed by five years of supervised release. Crim. Dkt. 45.

On July 24, 2019, Roberts filed this motion for post-conviction relief pursuant to § 2255. Roberts alleges that his attorney was constitutionally ineffective, specifically that his counsel: 1) failed to investigate and challenge the search warrants; and 2) coerced him to plead guilty. *See* dkt. 1-1.

### III.     Discussion

In support of his § 2255 motion, Roberts asserts that he received ineffective assistance from his attorney. A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

**A.  Search Warrants**

Roberts first asserts that his counsel should have investigated the search warrants and sought to suppress them. *See* dkt. 1-1 at 2-5. For the reasons below, Roberts is not entitled to relief on this ground.

First, with respect to investigating the warrants, Roberts "must prove that evidence uncovered during that investigation would have led [his] attorney to change [his] recommendation to accept the plea offer." *Warren v. Baenen*, 712 F.3d 1090, 1097 (7th Cir. 2013). Here, Roberts' own memorandum in support of his § 2255 motion demonstrates that Roberts' counsel reviewed the search warrants and affidavits, considered potential arguments, and nevertheless recommended

that Roberts accept the government's plea offer. *See* dkt. 1-1 at 1-2 (describing counsel's investigation of the search warrants, discussion of potential arguments, and subsequent recommendation that Roberts accept the plea offer).

Second, with respect to moving to suppress the warrants, an attorney's trial strategy is "virtually unchallengeable" after counsel has conducted a thorough investigation of his client's case. *Sullivan v. Fairman*, 819 F.3d 1382, 1391 (7th Cir. 1987) (citing *Strickland v. Washington*, 466 U.S. at 690-91). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Moreover, to prevail on an ineffective assistance claim for not filing a motion to suppress, a petitioner must show that such a motion would have been meritorious. *Ebert v. Gaetz*, 610 F.3d 404, 411 (7th Cir. 2010). If a motion to suppress would have had no merit, then trial counsel cannot be ineffective in failing to file such a motion.

Here, Roberts fails to overcome the presumption that his trial counsel's failure to file a motion to suppress the search warrant was not sound trial strategy, and he further fails to show that any motion to suppress would have been meritorious. Roberts has not explained on what grounds such a motion would have been meritorious. It is fair to assume from Roberts' description of his conversations with his counsel that his counsel concluded that the filing of a motion to suppress would have been futile. *See* dkt. 1-1 at 2 (describing counsel's advice against challenging the search warrants). Thus, because Roberts fails to show that his counsel's performance was deficient, under the first prong of *Strickland*, his counsel's failure to file a motion to suppress the search warrant was not ineffective assistance of counsel. Moreover, Roberts fails to show that he was prejudiced, under the second prong of *Strickland*, where he provides no reason why a motion to

suppress would have been successful. Accordingly, because Roberts can show neither that his counsel was deficient nor that he suffered prejudice, he is not entitled to relief on this basis.

### B. Knowing and Voluntary Plea

Next, Roberts argues that he is entitled to relief because his guilty plea was not voluntary. Specifically, Roberts contends that his plea was not voluntary because his counsel described the plea as "a really good deal" and therefore Roberts abandoned his original plan of "exploiting the technicalities" and "sided with [counsel] for whatever reason whether through manipulation or intimidation" and "felt he had no other option left but to sign the plea." Dkt. 1-1 at 2.

"In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005). "A guilty plea is intelligent and knowing when the defendant is competent, aware of the charges and advised by competent counsel." *United States v. Jordan*, 870 F.2d 1310, 1317 (7th Cir. 1989). A defendant's sworn statements during a Rule 11 plea colloquy are presumed to be true. *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016). A defendant "cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity." *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008).

Here, at the plea hearing, the Court conducted a thorough colloquy pursuant to Rule 11. *See* Crim Dkt. 48. The Court confirmed that Roberts understood the nature of the charge against him, the elements of the offense the government would need to prove, the maximum penalty possible under the charge, and the applicability of the sentencing guidelines. Roberts, sworn under oath, affirmed his understanding of the charges against him, the terms of the plea agreement, and entered his plea of guilty. And the Court accepted his plea as knowing and voluntary, stating the following:

> It is the finding of the Court in the case of United States of America v. Djamil Roberts, that the Defendant is fully competent and capable of entering an informed plea, that he is aware of the nature of the charges and the consequences of his plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. The plea is therefore accepted, and the defendant is now adjudged guilty of Count I.

*Id*. at 21-22.

Roberts fails to provide a compelling reason why the statements he made to the Court are now false. Despite several opportunities to do so during the change of plea hearing, Roberts never objected to the plea agreement, never informed the Court he was dissatisfied with his attorney, and never asserted that he was being coerced. Rather, he stated that he was pleading guilty of his own free will, having understood his charge and the potential sentencing, and that he was satisfied with his attorney's assistance. His statements to the Court are given a "strong presumption of verity," *United States v. Silva*, 122 F.3d 412, 415 (7th Cir. 1997) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)), because "when the judge credits the defendant's statements in open court, the game is over," *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). "[A] defendant has no chance of success on appeal when the judge elects to treat freely given sworn statements as conclusive. Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *Id.* Without more, Roberts cannot now allege that his statements in court were untruthful. Accordingly, Roberts' allegation that he was coerced into taking the plea agreement must also be rejected.

### IV. Conclusion

For the reasons explained in this Entry, Roberts is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is dismissed with prejudice. Judgment consistent with this Entry

shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:17-cr-00197-JMS-MJD-1**. The motion to vacate (Crim. Dkt. 47) shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Roberts has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 3/11/2021

*/s/ Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DJAMIL R. ROBERTS
15965028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel